# In the United States Court of Federal Claims

No. 25-303C
Filed: February 24, 2025
NOT FOR PUBLICATION

| |
|---|
| **LESLIE McKNIGHT,** |
|        *Plaintiff,* |
| v. |
| **UNITED STATES,** |
|        *Defendant.* |

## ORDER

The plaintiff, proceeding *pro se*, filed this action on February 18, 2025. The complaint was docketed on February 20, 2025. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint, the second before the undersigned filed by the plaintiff, fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, her complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff must still

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff's claim is vague. She alleges that an individual is violating 18 U.S.C. §§ 1001, 241, and 242. She accuses someone of practicing law from the bench. Otherwise, the complaint is opaque. Reference to the plaintiff's complaint in her prior case, No. 24-1357, provides additional context. In that case the plaintiff brought a claim arising from a domestic and custody dispute. She alleged that the local prosecutor in Carson City, Nevada declined on at least two occasions to charge an individual with domestic abuse or battery or assault, and instead has charged the plaintiff with assault and battery based on false evidence and perjury. She also alleged that a Nevada judge granted custody of her son to his father, who abused the son. As relief, the plaintiff sought an order directing the return of her son and the dismissal of pending criminal charges against her.[2] That case was dismissed under RCFC 12(b)(1) and 12(h)(3). *McKnight v. United States*, No. 24-1357, 2024 WL 4021392 (Fed. Cl. Sept. 3, 2024).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is founded on an express or implied contract with the United States, seeks a refund from a prior payment made to the [United States], or is based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). For a claim of a violation of law, the plaintiff must identify a money-mandating source of law in addition to asserting jurisdiction under the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). Accordingly, to the extent a complaint seeks relief from defendants other than the United States, the Court of

---

[2] The plaintiff also filed a suit in this court raising claims against non-federal officials seeking relief for alleged constitutional violations. *McKnight v. United States*, No. 24-808 (Fed. Cl.). That case was dismissed for failure to prosecute.

Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

Although vague, it appears the plaintiff's allegations challenge the actions of a non-federal judge based on his rulings and statements allegedly made from the bench. This court may not entertain a claim against a non-federal official. Accordingly, the court lacks jurisdiction over the plaintiff's claim, and the complaint must be dismissed. RCFC 12(b)(1) and 12(h)(3).

In addition, the plaintiff has failed to identify a money-mandating source of law. It is well-established that this court may not consider claims predicated on alleged violations of federal criminal laws. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. The complaint is too vague to identify an actionable claim. Accordingly, transfer to another federal court is not in the interest of justice.

The complaint fails to state a claim within the jurisdiction of the Court of Federal Claims and is, accordingly, **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**